UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Argued August 9, 2006

Decided August 15, 2006

Before

**Hon.** RICHARD A. POSNER, Circuit Judge

**Hon.** JOHN L. COFFEY, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

No. 05-3020

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

    *v.*

JESSE A. STOLDORF,
    *Defendant-Appellant*.

Appeal from the United States District Court for the Central District of Illinois.

No. 04-20048-001
Michael P. McCuskey, *Chief Judge*.

**Order**

Jesse Stoldorf has been sentenced to 264 months' imprisonment following his conviction for possessing a firearm despite a felony conviction. The sentence was enhanced under 18 U.S.C. §924(e) because Stoldorf is an armed career criminal. His only argument on appeal is that the prosecutor violated the Constitution by exercising a peremptory challenge on the basis of race. See *Batson v. Kentucky*, 476 U.S. 79 (1986).

The venire had only one black member, Robert Sallee. The prosecutor exercised a challenge against Sallee. When defense counsel protested, the prosecutor gave two reasons—that Sallee has two nephews in prison and hesitated when the judge asked whether he would afford law-enforcement witnesses the same credibility as other witnesses—that led the prosecutor to question whether Sallee would be a favorable juror. These explanations are race-neutral, so the only question is whether the prosecutor was honest. The district judge concluded that the explanation was indeed candid. That decision may be upset on appeal only if clearly erroneous, see

*Hernandez v. New York*, 500 U.S. 352, 369 (1991), and only the most unusual showing leads for an appellate court to set aside a trial judge's ruling on credibility. See *Anderson v. Bessemer City*, 470 U.S. 564 (1985).

Stoldorf contends that the prosecutor's explanation cannot be the right one, because some white jurors with imprisoned relatives were not challenged. That contention may have persuaded a district judge; it does not establish that an adverse ruling by this judge is clearly erroneous. First, the other jurors did not hesitate at a critical juncture. (What inferences to draw from such a hesitation and other aspects of Sallee's demeanor is a topic best resolved by someone who saw the events, as the district judge did.) Second, the prosecutor *did* challenge other venire members with imprisoned relatives—five in all (including Sallee), and four of the five are white. That still other members of the venire with imprisoned relatives were seated on the jury shows that the number of peremptory challenges is capped at six, not that the prosecutor employed his challenges in a discriminatory fashion.

AFFIRMED